UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KIMERLY GREENBERG,

                Plaintiff,                      **STIPULATED PROTECTIVE ORDER**

vs.

LAROX, INCORPORATED, and OUTOTEC        6:11-cv-06524-CJS-MWP
(USA) INC., as successor in interest to LAROX,
INCORPORATED,

                Defendants.
_____

      IT IS HEREBY ORDERED, based upon the Stipulation of all counsel hereto, that a Protective Order shall be entered herein as follows:

      Defendants LAROX INCORPORATED and OUTOTEC (USA) INC. (hereinafter "Defendants") believe that certain discovery or other information to be produced or disclosed to Plaintiff KIMERLY GREENBERG (hereinafter "Plaintiff") is confidential and proprietary and should, therefore, be produced subject to an order of confidentiality, or Protective Order. All such documents or other tangible items produced by Defendants shall be clearly stamped or labeled to indicate that such material is Confidential, subject to Protective Order, and testimony or other types of information based upon such documents or tangible items shall be similarly designated in clear terms.

      Defendants may designate as being confidential under Protective Order all documents and materials which they have determined in good faith to constitute or contain a trade secret, competitively sensitive information or other confidential research, development, technical or commercial information. Information and documents subject to this Order may be disclosed only to a party; attorneys for a party and their paralegal and clerical staffs; and experts retained by a party for

assistance in trial preparation or for testimony. Disclosure shall be made to such persons only as necessary for the prosecution of this lawsuit and only after the person to whom disclosure is made has been informed about this Order. In the case of experts retained by a party, acknowledgment of this Order and of the expert's agreement to be bound by it shall be in writing addressed to and maintained by the retaining party's counsel in the form of an affidavit attached hereto as **Exhibit A**. Designated information shall not be disclosed to any person or in any manner not specified in this Order or used for any purpose other than the prosecution of this lawsuit.

The parties shall act to preserve the confidentiality of designated information. All transcripts, depositions, exhibits, or other pleadings or filings in this action which contain or otherwise set forth documents, information or other materials or the contents thereof, which have been previously designated by Defendants as confidential, shall likewise be subject to the terms of this Protective Order.

If any documents designated as confidential are to be filed with the Court, Defendants will file (if required by the Court), and Plaintiff will not oppose, a motion pursuant to Fed.R.Civ.P. 26(c)(1)(F)/(G), seeking an Order that those documents designated as confidential be sealed.

This protective order shall not restrict the handling and dissemination of documents which Defendants have caused or permitted to enter the public domain (or will, during the course of this litigation, cause or permit) through means other than litigation.

In the event that Plaintiff disagrees with the propriety of Defendants' designation of any item or items as being confidential under Protective Order, counsel shall so advise specifying the item or items in question. In the event that an agreement cannot be reached between counsel concerning the propriety of the designation, the party opposing such designation shall file a motion seeking Court adjudication of the propriety of the designation under applicable court rules or statutes. Any such

item or items shall continue to be treated as confidential and subject to this Order until such time as such motion has been ruled upon.

This Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

This Order shall not preclude the Court or its personnel from reviewing any documents or information designated as confidential or proprietary as necessary for the conduct of this litigation.

Upon termination of Defendants' involvement in this lawsuit, by judgment, settlement or otherwise, Plaintiff shall return to Defendants, through their counsel of record, all documents and information subject to this Order, including all copies, prints, and other reproductions of such information, in the possession of Plaintiff, Plaintiff's counsel and staff, and Plaintiff's retained experts. Counsel for Plaintiff will disclose to counsel for Defendants the names of all experts to whom such information was disclosed and will provide counsel for Defendants the executed affidavit attached hereto as **Exhibit A**.

IT IS SO STIPULATED BY ALL COUNSEL:

| FARACI & LANGE LLP | GOLDBERG SEGALLA LLP |
|---|---|
| By: _____ | By: _____ |
| Joseph A. Regan, Esq. | Joseph L. Mooney, Esq |
| *Attorneys for Plaintiff* | *Attorneys for Defendants Larox Incorporated* |
| *Kimerly Greenberg* | *and Outotec (USA) Inc.'* |
| 28 E. Main Street, Suite 1100 | 665 Main Street, Suite 400 |
| Rochester, New York 14614 | Buffalo, New York 14203 |
| T: (585) 325-5150 | T: (716) 566-5400 |

IT IS SO ORDERED:

Marian W Payson 4/30/12
Hon. Marian W. Payson
United State Magistrate Judge

EXHIBIT "A"

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KIMERLY GREENBERG,

        Plaintiff,

vs.

LAROX, INCORPORATED, and OUTOTEC
(USA) INC., as successor in interest to LAROX,
INCORPORATED,

        Defendants.

ACKNOWLEDGEMENT OF
PROTECTIVE ORDER

6:11-cv-06524-CJS-MWP

---

       The undersigned hereby acknowledges that he/she has read the Protective Order entered in this action by this Court on the _____ day of _____, 2012, that he/she understands the terms thereof, and that he/she agrees to be bound by such terms.

_____

DATED: