UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KIMERLY GREENBERG,

      Plaintiff,

vs.

LAROX, INCORPORATED, and OUTOTEC (USA) INC., as successor in interest to LAROX, INCORPORATED,

      Defendants.

attorneys affidavit

6:11-cv-06524-CJS-MWP

---

## AFFIDAVIT OF JOSEPH A. REGAN

STATE OF NEW YORK)
COUNTY OF MONROE) ss:

Joseph A. Regan, being duly sworn, deposes and says:

1. I am an attorney with the law firm of Faraci Lange, LLP, attorneys for the plaintiff in the above entitled action. I am duly licensed in the State of New York and admitted to practice before this court.

2. I am fully familiar with the facts and proceedings heretofore had herein. This affidavit is submitted in opposition to defendants' motion for summary judgment and for preclusion of one of plaintiff's expert witnesses.

3. Submitted herewith is plaintiff's Statement of Facts, along with the Affidavit of Kim Greenberg duly executed March 18, 2014 and exhibits 1 through 5, identified as follows:

1

   a. Exhibit 1: Larox manual, page 1-4, Bates stamp number 0008;

   b. Exhibit 2: Larox Manual, page 1-11, Bates stamp number 0015;

   c. Exhibit 3: Larox manual, pages 4-53, 54 and 55, (also marked as separate Exhibit 9 at the deposition of Thomas Farnham, August 7, 2013);

   d. Exhibit 4: (Exhibit 14 as marked at Quesnel deposition, page 16, showing Carotron constant tension wind control card);

   e. Exhibit 5: Larox Order Acknowledgment of filter sale to Xerox, Bates stamp 0586.

4. The defendants are not entitled to summary judgment, nor should the testimony of Dr. David Quesnel, one of plaintiff's experts, be precluded. Plaintiff's employer, Xerox, did not modify the Larox device in any respect. A malfunction of the Larox pressure filter rather than the double spindle A-frame device caused the plaintiff's injury. The defendant was aware of the dangers posed by the presence of slack in the pressure filter during the change out procedure, yet approved the use of the A-frame device to perform change outs. Plaintiff was never made aware that the Larox machine could suddenly and forcefully reverse the direction of the crank handle, and the single warning sentence in the manual was inadequate under the circumstances. Plaintiff's expert engineer, Dr. David Quesnel, has demonstrated how the entire problem could have been resolved by Larox with the simple and inexpensive utilization of a motorized reel and electronic tension controller, devices routinely utilized in a variety of production settings. Defendant has failed to demonstrate any reason why the testimony of Dr. William Vigilante should be precluded.

Wherefore, your deponent respectfully requests that this court deny the motion of the defendants in all respects.

s/Joseph A. Regan

Joseph A. Regan

Sworn to before me this
28th day of March, 2014


s/Barbara A. Gordon

Notary Public
Commission expires July 31, 2017