**MANDATE**

15-3830-cv
*Greenberg v. Larox, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand sixteen.

PRESENT:  DENNY CHIN,
          SUSAN L. CARNEY,
            *Circuit Judges*,
          BRIAN M. COGAN,
            *District Judge*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

KIMERLY GREENBERG,

       *Plaintiff-Appellant*,

    v.                                                    15-3830-cv

LAROX, INCORPORATED, OUTOTEC (USA)
INC., as successor in interest to Larox,
Incorporated,

       *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] Judge Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | JOSEPH A. REGAN, Faraci Lange, LLP, Rochester, New York. |
| FOR DEFENDANTS-APPELLEES: | JOHN P. FREEDENBERG, Goldberg Segalla LLP, Buffalo, New York. |

Appeal from the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART AND VACATED IN PART**, and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiff-appellant Kimerly Greenberg appeals from a judgment of the district court entered October 26, 2015, dismissing his complaint in this products liability action. By decision and order entered the same day, the district court granted summary judgment in favor of defendants-appellees Larox, Incorporated ("Larox") and its successor-in-interest Outotec (USA), Incorporated on the grounds that Greenberg had not identified a design defect and Larox had no duty to warn of the danger posed by using its product with another product. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Larox manufactures pressure filters, which are machines that separate solids from liquids for use in chemical processing. Larox's pressure filters use hydraulically powered drive rollers to pull filter cloths through the machines. Larox's

- 2 -

user manual has step-by-step instructions and diagrams for replacing used filter cloths with new ones. The replacement method described in the instructions and depicted in the diagrams involves the use of a stand-alone, external cloth rack, which the manual specifies is not included in the Larox delivery. Larox makes and sells customized racks only upon request. The replacement instructions also state, in bold, "Old cloth must keep tight when reeling."

Greenberg is a former employee of Xerox Corporation ("Xerox") who sustained personal injuries at work while using a cloth rack, designed and manufactured by Xerox, to replace used filter cloth in a Larox pressure filter. In July 2011, he filed a complaint in New York Supreme Court alleging two claims against Larox: (1) a design defect in the pressure filter allowed the exiting filter cloth to develop "slack," or fall loose, which became entangled with the drive roller and caused the hand crank on the cloth rack to reverse direction and cause him injury, and (2) Larox failed to warn him of that danger. Defendants removed the case to federal district court on diversity grounds in October 2011.[1]

In October 2015, the district court awarded defendants summary judgment based on its conclusions that Greenberg had not identified a defect in the pressure filter and that, pursuant to *Rastelli v. Goodyear Tire & Rubber Co.*, 79 N.Y.2d 289

---

[1] The parties are diverse because Greenberg is domiciled in New York, Larox is a Maryland corporation with a principal place of business in Maryland, and Outotec is a Delaware corporation with a principal place of business in Maryland. Greenberg seeks to recover $500,000 in damages.

- 3 -

(1992), Larox had no duty to warn Greenberg that the joint use of its pressure filter with Xerox's cloth rack, a product over which it had no control, could pose a danger. Greenberg appeals on the grounds that *Rastelli* does not preclude imposing a duty to warn in this case and there are genuine disputes of material fact as to the existence of a defect in Larox's machine, Larox's duty to warn, and the adequacy of the warning in its user manual.

We review an award of summary judgment *de novo* and will affirm only if the record, viewed in favor of the party against whom judgment was entered, shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 140 (2d Cir. 2008).

   1.   **Design Defect**

Under New York products liability law, a product has a design defect if it, "as designed, presented a substantial likelihood of harm and feasibly could have been designed more safely." *Fane v. Zimmer, Inc.*, 927 F.2d 124, 128 (2d Cir. 1991) (citing *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 108 (1983)). Courts assess whether, "if the design defect were known at the time of manufacture, a reasonable person would conclude that the utility of the product did not outweigh the risk inherent in marketing a product designed in that manner." *Id.* (quoting *Voss*, 69 N.Y.2d at 108).

- 4 -

"[W]e may affirm the award of summary judgment on any ground with adequate support in the record." *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 127 (2d Cir. 2013) (quoting *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 118 (2d Cir. 2001)). We hold, on the design defect claim, that the district court properly awarded defendants summary judgment, but not for the reason it articulated. It granted summary judgment on the basis that Greenberg had "only point[ed] to alleged defects in the Xerox cloth rack . . . [and] fail[ed] to identify any defect in the Larox pressure filter itself." Special App. at 7-9. The expert report by Greenberg's mechanical engineering expert, however, viewed in the light most favorable to Greenberg, suggests the "cloth changing set-up" was defectively designed so as to allow used cloth exiting the machine to fall loose and be pulled back into the machine, which could, in turn, cause a manually-operated crank "down stream" to reverse direction and injure the crank operator. App. at 626. A reasonable jury could find the defect lay at least in part with Larox's machine and its manner of pushing out used cloth, rather than with the hand crank on the cloth rack. Accordingly, the award of summary judgment on the basis specified by the district court was improper.

Summary judgment on the design defect claim, however, was nonetheless warranted because Greenberg failed to submit evidence that Larox could have designed a safer version of its product. It was Greenberg's burden to show it was feasible for Larox to design a safer version of its pressure filter. *See Fane*, 927 F.2d at 128 (describing

- 5 -

the plaintiff's burden to show that the product, "as designed, presented a substantial likelihood of harm and feasibly could have been designed more safely"); Aaron Twerski & James A. Henderson Jr., *Mfr.'s Liab. for Defective Prod. Designs: The Triumph of Risk-Utility*, 74 Brook. L. Rev. 1061, 1062 (2009) ("[I]n the overwhelming majority of American jurisdictions, claims of defective design reach triers of fact only when the plaintiff offers plausible proof that her injuries would have been reduced or avoided by the adoption of a reasonable alternative design."). The alternative designs proposed by Greenberg's expert apply to the hand crank on the cloth rack, not to the pressure filter. Because Greenberg did not offer proof of an alternative, safer design for the pressure filter itself, he could not prevail on his design defect claim. *Adamo v. Brown & Williamson Tobacco Corp.*, 11 N.Y.3d 545, 549-51 (2008) (affirming reversal of jury verdict, initially rendered in plaintiffs' favor, in design defect case because plaintiffs presented no evidence that defendants could feasibly have designed safer version of cigarettes); *Felix v. Akzo Nobel Coatings Inc.*, 692 N.Y.S.2d 413, 415 (2d Dep't 1999) (reversing denial of summary judgment in design defect action in part because "there was no competent evidence set forth by the plaintiff that there was an alternative, safer design" of a solvent contained in defendant's products).

      Accordingly, we affirm the award of summary judgment in this respect.

### 2. Failure to Warn

Turning to the failure to warn claim, we conclude the district court erred in awarding summary judgment on the basis of its determination that, because there was no evidence that Larox contributed to the defect in Xerox's cloth rack, the *Rastelli* decision precluded Greenberg's claim.

In *Rastelli*, the Court of Appeals concluded that a tire manufacturer had no duty to warn of the danger of using its tires with another company's purportedly defective tire rims because it had no control over the rims' production, played no role in placing the rims in the stream of commerce, derived no benefit from their sale, and did not create or contribute to the alleged defect in the rims. *Rastelli*, 79 N.Y.2d at 297-98. The court determined that, under the circumstances of the case, a manufacturer of a sound product has no duty to warn about another manufacturer's defective product even if the two products can be compatibly used. *Id.* at 297-98.

The Court of Appeals recently held that, "[c]onsistent with [its] decision in *Rastelli*," a product manufacturer has "a duty to warn of the danger arising from the known and reasonably foreseeable use of its product in combination with a third-party product which, as a matter of design, mechanics or economic necessity, is necessary to enable the manufacturer's product to function as intended." *Matter of N.Y.C. Asbestos Litig.*, 27 N.Y.3d 765, 778 (2016). The court clarified that its rule accounted for the concern driving the *Rastelli* analysis -- that it would be unfair for a manufacturer to

- 7 -

avoid the minimal cost of issuing warnings when it knew about, and expected its customers to be exposed to, the dangers arising from the combined use of its product with another product. *Id.* at 793-94.

"[T]he existence and scope of a duty to warn are generally fact-specific," and "it is incumbent on the court . . . to decide whether an applicable legal duty exists" by "decid[ing] whether there is any proof in the record that might support the recognition of a duty to warn owed by the manufacturer to the injured party." *Id.* at 787, 788 (internal alterations, quotation marks, and ellipses omitted).

After reviewing the record in Greenberg's favor, we conclude that summary judgment was unwarranted because genuine issues of material fact exist as to whether Larox had a duty to warn about the danger arising from the combined use of its pressure filter with Xerox's cloth rack. First, the parties dispute whether the cloth rack was "necessary" to the process of replacing used cloths in the machine within the meaning of the standard set forth in *N.Y.C. Asbestos*, 27 N.Y.3d at 778. On the one hand, there is evidence that (1) the section in the Larox manual on replacing filter cloths depicted and referred to an external cloth rack and (2) a Larox representative attended a Xerox training on replacing filter cloths in its pressure filter and showed Xerox employees how to use Xerox's cloth rack to change out the cloth. Such evidence suggests that the cloth rack was necessary to the operation and intended use of Larox's machine. On the other hand, defendants offer the testimony of a Larox representative

- 8 -

declaring that the "[v]ery widely used method for replacing the cloth" involved neither a hand crank nor a cloth rack. App. at 143. Such testimony suggests that the cloth rack was not necessary to the operation and intended use of the pressure filter. This factual dispute on the issue of necessity precludes summary judgment.

Second, the factual dispute over Larox's contribution to the danger arising from the joint use of its pressure filter with a cloth rack bears on the issue of whether it knew about, and could reasonably foresee, this danger of malfunction and injury; the resolution of these disputes affects whether Larox had a duty to warn at all. There is evidence that the Larox manual depicted and referred to an external cloth rack and instructed users, "Old cloth must keep tight when reeling." The Xerox employee who built Xerox's cloth rack and created Xerox's procedure for replacing filter cloths did so by relying, in part, on the Larox manual and its depictions of a cloth rack. A Larox representative trained Xerox employees in using the cloth rack with its pressure filter. A reasonable jury could conclude from these and other facts that (1) Larox knew and reasonably could foresee that Xerox employees would use its pressure filter and the cloth rack together, and that the combined use of the products could give rise to the danger of filter cloths coming loose during the cranking of the cloth rack, (2) as noted above, Xerox's cloth rack was necessary, as a matter of design, mechanics, or economic necessity, for the pressure filter to function as intended, and thus (3) Larox had a duty to warn. *See id.* at 778.

Because factual issues exist as to whether Larox had a duty to warn, the district court erred in granting summary judgment dismissing this claim.

\* \* \*

Accordingly, we **AFFIRM** the judgment of the district court to the extent it granted summary judgment on the design defect claim, and we **VACATE** the judgment to the extent it dismissed on the failure to warn claim. We **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

- 10 -